IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| LAWRENCE LANCE, | ) | Case No: 14 CV 8709 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARD OF EDUCATION | ) | |
| OF THE CITY OF CHICAGO, | ) | |
| CHICAGO PUBLIC SCHOOL | ) | |
| DISTRICT # 299, et. al, | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Now comes the plaintiff, Lawrence Lance, by and through his attorney, Steven E. Glink, complaining against the defendants as follows:

## INTRODUCTION

This case is brought pursuant to the Family Medical Leave Act, 29 U.S.C. §2601 et seq., (FMLA) and alleges that the Board of Education of the City of Chicago (the Board) violated plaintiff's FMLA rights when it effectively demoted plaintiff after he returned from FMLA protected leave by putting him on "Reassigned Teacher Status" as a result of an alleged "drop in enrollment."

1. Jurisdiction is proper pursuant to 28 USC 1331.
2. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

3. Plaintiff Lawrence Lance is a 62 year old male and has resided at 3930 Fargo Ave., City of Skokie, State of Illinois at all times relevant to this complaint.

4. Plaintiff is a teacher in contractual continued service (a tenured teacher) pursuant to the laws of Illinois.

5. At all times relevant to this complaint, Lawrence Lance had been employed by the defendant Board of Education of the City of Chicago at Carl Schurz High School (Schurz) located at 3601 N. Milwaukee, Chicago, Illinois.

6. Defendant Board of Education of the City of Chicago (the Board) is an employer within the meaning of the Family Medical Leave Act,

7. The School District is a local public entity organized pursuant to the laws of the State of Illinois, specifically the Illinois School Code.

8. Defendants maintain offices at 125 South Clark Street, 6th Floor, Chicago, Illinois 60603.

## FACTS COMMON TO ALL COUNTS

9. The defendant Board employed plaintiff for a period of eighteen (18) consecutive years as a high school teacher at Schurz.

10. Schurz High School is a Secondary Attendance Center within the meaning of Section 34-1 the Illinois School Code, 105 ILCS 5/34-1.

11. In September 1994, plaintiff was hired by the defendant as an English as a Second Language (ESL) teacher; plaintiff worked as an ESL teacher for the primary duration of his employment

2

12. On February 6, 1995, plaintiff became a "regularly assigned" (appointed) teacher at Schurz High School.
13. Based upon the length of his continued full time employment, at all times relevant to this complaint, plaintiff had entered into contractual continued service (i.e. tenure) at Chicago Public Schools District #299.
14. Under Illinois Law, tenure is a property right.
15. In September 2012, plaintiff was referred by his psychiatrist Dr. Giacamo to the Partial Hospitalization Program (PHP) at Evanston Hospital, due to worsening symptoms of depression and suicidal thoughts that were precipitated by administration changes at work that had occurred over the last two years.
16. On September 14, 2012, plaintiff made his initial request with the Chicago Public Schools, Employee Services Office for FMLA protected medical leave due to the plaintiff's own psychiatric condition.
17. On September 20, 2012, the defendant's Employee Services Office approved plaintiff's FMLA leave request. Plaintiff's leave was approved to commence on September 6, 2012 through October 1, 2012.
18. Plaintiff's incapacity continued beyond October 1, 2012. On September 26, 2012, plaintiff requested to extend his medical leave through November 26, 2012.
19. On October 4, 2012, the Employee Services Office approved plaintiff's extension beginning on October 1, through November 26, 2012. During his extended leave, plaintiff continued to seek medical treatment for his condition.

20. On November 27, 2012, plaintiff was released from his FMLA leave of absence to return to work.

21. On that date, defendant reinstated plaintiff as an employee but assigned him to the position of Reassigned Teacher, position 302251, with the Reassigned Teacher Pool.

22. According to the Board's Policy, teachers placed into the reassigned teacher pool are assigned to a school every two weeks. Then, they are assigned or reassigned into, new positions every two weeks thereafter by an email telling them where they are assigned.

23. The effective date of plaintiff's reassigned status was November 27, 2012 and the end date for the ten (10) school months as reassigned teacher status was November 27, 2013.

24. During the ten (10) -school month period, the Board had not appointed plaintiff to a permanent teaching position.

25. On September 26, 2013, plaintiff received notice that the Board was going to "honorably terminate plaintiff's employment" on November 20, 2013; the effective date of termination being November 28, 2013. Plaintiff was also informed that his full-time teacher benefits would cease on November 30, 2013.

26. On December 3, 2013, plaintiff was reassigned by defendant to a CADRE Substitute status.

27. A CADRE position is not a full time teaching position and does not provide the same benefits as an appointed/ tenured teacher.

28. Plaintiff's CADRE status is due to end on November 27, 2014.

29. Plaintiff re-pleads the allegations contained in the preceding paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

30. At all times relevant to this complaint, plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 611(2).

31. The FMLA makes it unlawful for an employer to interfere with an employee's efforts to exercise his or her rights under the FMLA and requires that an eligible employee be returned to their position or an equivalent position upon return from leave covered under the FMLA.

32. Plaintiff's leave of absence described above was protected under the FMLA.

33. Defendants willfully interfered with plaintiff's exercise of his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615(a), and/or the Department of Labor's implementing regulations, 29 C.F.R. § 825.220, when they refused to reappoint him to his tenured teaching position at Schurz High School.

34. Defendants willfully interfered with plaintiff's exercise of his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615(a), and/or the Department of Labor's implementing regulations, 29 C.F.R. § 825.220, when they refused to place plaintiff into an equivalent position either at Schurz High School or anywhere within the Board's jurisdiction upon his return to work from FMLA protected leave in November 2012.

35. Plaintiff's status in the Reassigned Teacher Pool resulted in substantially different terms and conditions of employment as well as substantially lowered expectations for continued employment.

36. Defendants' designation of plaintiff as a CADRE further damaged plaintiff and was in violation of the FMLA.

37. Plaintiff was damaged by defendants' conduct described throughout the preceding paragraphs of this complaint.

**WHEREFORE**, plaintiff respectfully prays for this Honorable Court to enter judgment in his favor against the defendant as follows:

1. Statutory damages in the amount of $900,000.00 for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii);

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a) (1) (A) (iii);

3. All in an aggregate amount exceeding $75,000.00 plus costs and reasonable attorney fees.

Respectfully Submitted,

By: s/Steven Glink

STEVEN E. GLINK

Steven E. Glink, ARDC #6180869
Attorney for Plaintiff
3338 Commercial Avenue
Northbrook, Illinois 60062
847/480-7749 (voice)
847/480-9501 (facsimile)